IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTERPORT, INC. and MATTERPORT OPERATING, LLC, | § § § | No. 294, 2024 |
| Defendants Below, Appellants/Cross-Appellees, | § § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § | |
| WILLIAM J. BROWN, | § § | C.A. No. 2021-0595 |
| Plaintiff Below, Appellee/Cross-Appellant. | § § § § | |

Submitted: February 26, 2025
Decided: April 22, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

## **ORDER**

This 22nd day of April, 2025, after consideration of the parties' briefs and the record on appeal, and following oral argument, it appears to the Court that:

(1)    William J. Brown sued Matterport, Inc. ("Matterport") and Matterport Operating, LLC ("Legacy Matterport") alleging that, following a de-SPAC merger that converted his Legacy Matterport stock to Matterport Class A common stock, Matterport incorrectly applied a transfer-restriction bylaw to the Matterport stock

that Brown received as merger consideration.[1]  To reach a decision on the transfer-restriction issue before the transfer restriction expired for all Matterport stockholders, the Court of Chancery held a bifurcated trial.  In its "Phase 1" decision, the court found that Brown could freely trade his Matterport stock.[2]  In its "Phase 2" decision, the court addressed damages caused by the improper application of the transfer restriction to Brown's stock.[3]  This appeal and cross-appeal arise from the court's Phase 2 decision.

(2)    We conclude that the judgment of the Court of Chancery as to the sum of the damages award and its award of prejudgment interest beginning on November 22, 2021, should be affirmed on the basis of and for the reasons stated in the Memorandum Opinion dated May 28, 2024.  We reverse the court's award of post-judgment interest, however, and remand to the Court of Chancery for the limited purpose of reconsidering this award.  Because we reverse the Court of Chancery's award of post-judgment interest, by necessity we also reverse the court's chosen end date for its award of prejudgment interest and remand so that the court may align this award with any new award of post-judgment interest.

---

[1] Before the de-SPAC merger, Legacy Matterport's corporate predecessor was a privately held corporation named "Matterport, Inc."  App. to Opening Br. at A484.

[2] *Brown v. Matterport, Inc.*, 2022 WL 89568 (Del. Ch. Jan. 10, 2022), *aff'd*, 282 A.3d 1053 (Del. 2022).

[3] *Brown v. Matterport, Inc.*, 2024 WL 2745822 (Del. Ch. May 28, 2024).

(3)     Although the Court of Chancery may exercise its discretion when setting the rate at which post-judgment interest will accrue and whether, and to what extent, post-judgment interest is to be compounded, the court's post-judgment interest award must be tied to the date of the judgment that determines the prevailing party's monetary damages.

(4)     Here, the court's Order and Final Judgment entered on July 1, 2024, awarded $79,092,133.12 in damages with prejudgment interest on the damages at a rate of 5.25%.[4]  The court also awarded post-judgment interest at that same rate "on the sum of the Damages and the Pre-Judgment interest amount . . . beginning on January 12, 2022"—the date on which the court entered judgment following the Phase 1 decision and over two years before its damages award in the Phase 2 decision.[5]

(5)     This post-judgment interest award is contrary to the basic tenet—one that is not subject to discretionary adjustment—that post-judgment interest accrues once "the judgment debtor's obligation is a sum certain that includes the amount of the award plus prejudgment interest and, in some cases, fees and costs" and a judgment to that effect is entered.[6]

---

[4] Opening Br. Ex. B at 3.
[5] *Id.  See also* Order and Partial Final Judgment, *Brown v. Matterport Inc.*, C.A. No. 2021-0595 (Del. Ch. Jan 12, 2022) (Dkt. 125).
[6] *NGL Energy P'rs LP v. LCT Cap., LLC*, 319 A.3d 335, 345 (Del. 2024).  *See also Wilmington Country Club v. Cowee*, 747 A.2d 1087, 1097 (Del. 2000) ("Interest on a judgment begins to

(6)     We therefore reverse the award of post-judgment interest accruing beginning on January 12, 2022, and remand to the Court of Chancery for the limited purpose of reconsidering its post-judgment interest award consistent with this Order. In doing so, the court is free to exercise its discretion as to the rate of interest and whether and to what extent post-judgment interest is to be compounded.  As mentioned above, we also reverse the judgment of the Court of Chancery that prejudgment interest shall accrue until January 12, 2022, and remand so that the court may harmonize its awards of pre- and post-judgment interest.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be AFFIRMED in part, REVERSED in part, and REMANDED for further action consistent with this order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

accrue when the judgment is entered as final and determinative of a party's rights."); *In re Bremerton Cellular Tel. Co. Litig.*, 328 A.3d 330, 354 n.124 (Del. Ch. 2024) (collecting cases).